1

**IN THE UNITED STATES DISTRICT COURT**

2

**FOR THE DISTRICT OF PUERTO RICO**

3

**ROSARIO-FABREGAS,**

4

**Plaintiff,**

5

**v.**                                    **CIVIL NO. 14-1584 (GAG)**

6

**U.S. ARMY CORPOS OF ENGINEERS,**

7

**Defendant.**

8

**OPINION AND ORDER**

9

Presently before the court is Defendant's motion to dismiss the complaint for lack of *in*

10

*personam* jurisdiction for failure to name the proper defendant pursuant to Fed. R. Civ. P. 12(b)(2)

11

and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).  (Docket No. 20.)  As it

12

stands, the court granted all of Plaintiff's requests for extensions of time to answer the motion, and

13

even afforded it additional gratuitous extensions; nonetheless, Plaintiff has not proffered a

14

response, even after being forewarned by the court that a failure to answer within the final deadline

15

would result in deeming the motion as unopposed.  (Docket No. 36.)  As such, the motion to

16

dismiss stands unopposed.[1]  For the reasons set forth below, Defendant's motion to dismiss is

17

hereby **GRANTED** on the merits of the request.

18

    **I.**    **Standard of Review**

19

Service of summons is governed by Rule 4 of the Federal Rules of Civil Procedure.  FED.

20

R. CIV. P. 4.  The manner in which service of summons is conducted may vary depending on

21

22

23

    [1] The fact that a motion to dismiss stands unopposed does not warrant the automatic dismissal of Plaintiff's causes of action.  Vega–Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003); Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir.1990); Santiago v. Am. Airlines, Inc., 840 F. Supp. 2d 500, 506 (D.P.R. 2012).  The court must still resolve the motion on its merits.  Vega–Encarnación, 344 F.3d at 41.

24

**Civil No. 14-1584 (GAG)**

whether a given statute provides for which parties must be named as defendants for a cause of action to be properly pled. A federal court lacks personal jurisdiction over a defendant if the party has not been served in accordance with Fed. R. Civ. P. 4.

In turn, Fed. R. Civ. P. 12(b)(5) allows a defendant to seek dismissal of a cause of action for plaintiff's failure to sufficiently serve him with process pursuant to Fed. R. Civ. P. 4. FED. R. CIV. P. 12(b)(5); Farb v. Perez-Riera, 293 F.R.D. 77, 77-78 (D.P.R. 2013). A party filing a motion under Rule 12(b)(5) is essentially contesting the manner in which process of service was performed. Ramirez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006). Once the sufficiency of service of process is challenged, the "plaintiffs have the burden of proving proper service." Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Thus, a court may dismiss a complaint for a plaintiff's failure to effectively serve a defendant with process. See Blair v. City of Worcester, 522 F.3d 105, 110 (1st Cir. 2008); Ramirez De Arellano, 236 F.R.D. at 85. Rule 12(b)(5), however, contemplates an alternative to dismissing the case when a defendant objects to the service of process, namely, treating the motion to dismiss as one to quash service of process. Id.; 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 at 286. District courts possess broad discretion to dismiss the action or retain the case and quash the improper service made on the defendant. Ramirez De Arellano, 236 F.R.D. at 85.

## II.     Factual and Procedural Background

On July 30, 2014, Plaintiff, appearing *pro se*, filed a request to proceed *in forma pauperis*. (Docket No. 1.) On that same day, he brought suit against the U.S. Army Corps of Engineers ("Defendant") alleging that he was discriminated against in violation of Title VII, 42 U.S.C. §§ 2000 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; and that he faced retaliation under the Whistleblower Protection Act, 5 U.S.C. §§ 1211, 1213,

**Civil No. 14-1584 (GAG)**

1214(a)(1)(2), 1216, 2302(b)(8).  (Docket No. 2.)  The court denied without prejudice the *in forma pauperis* request, and, instead, urged Plaintiff to submit an application for appointment of pro bono counsel if he could not afford to retain legal counsel.  (Docket No. 7.)  On September 5, 2014, the Clerk of the Court issued summons as to the Defendant.  (Docket No. 8.)

Thereafter, Defendant filed two extensions of time to answer the complaint, which were both granted by the court.  (Docket Nos. 11 & 18.)  Then, on January 12, 2015, Defendant filed the motion at issue: a motion to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5).  (Docket No. 20.) Subsequently, on February 19, 2015, Plaintiff was appointed a pro bono counsel.  (Docket No. 21.) On February 25, 2015, Plaintiff, again appearing *pro se*, filed a motion for extension of time to amend the complaint to include the proper party defendants and issue summons accordingly. (Docket No. 22.)  In said motion, Plaintiff cognized his failure to name the proper defendant in the complaint and requested an extension of time to correct the defect and to perfect service of process as to the proper parties.  Plaintiff requested to the court that it not dismiss the case "due to a technical defect." Id.  On March 3, 2015, Magistrate Judge López denied Plaintiff's *pro se* motion without prejudice because Plaintiff was represented by counsel and thus all motions should be submitted through the counsel of record.  (Docket No. 24.)  In compliance with the court's order, on March 19, 2015, Plaintiff, through counsel, requested an extension of time until May 2, 2015 to file a response to Defendant's motion to dismiss, which the court granted.  (Docket Nos. 25& 26.)

On May 2, 2015, the day Plaintiff's response to the motion to dismiss was due, Plaintiff did not offer its response, but, instead, sought a **Second** motion for extension of time to answer the motion to dismiss.  (Docket No. 27.)  The court granted said extension until May 15, 2015. (Docket No. 28.)  The second extension of time was due and Plaintiff again failed to answer the

**Civil No. 14-1584 (GAG)**

motion, and, instead, requested a **Third** extension of time.  (Docket No. 29.)  Guided by leniency and the fact that Plaintiff had first appeared *pro se*, the court granted said request for extension of time to answer until June 15, 2015.  (Docket No. 30.)  Once more, said deadline came and went with no response from Plaintiff; rather, it filed an Informative motion stating that a settlement demand was sent to Defendant's attorney because Plaintiff wished to explore settlement negotiations.  (Docket No. 31.)

By that time, June, 15, 2015, the court had afforded Plaintiff with **three** extensions of time to respond to the motion to dismiss, which was filed on January 12, 2015.  The court had been extremely patient with Plaintiff and granted all of its extension requests but five months had gone by with no response by Plaintiff.  In view of Plaintiff's newfound interest in settlement, the court ordered Plaintiff to inform by June 25, 2015, whether the parties reached an amicable settlement; otherwise, Plaintiff had to answer the motion to dismiss by June 26, 2015.  (Docket No. 32.)  The court further held that **no** more extensions would be allowed for Plaintiff.  Id.  Plaintiff complied with the first part of the order—notifying the court that no settlement had been reached.  (Docket No. 33.)  Nevertheless, Plaintiff failed to comply with the second part, and instead of presenting its answer to Defendant's motion to dismiss, Plaintiff filed a notice of voluntary dismissal without prejudice, citing no Federal Rule of Civil Procedure enabling him to do so at that stage of the proceedings.  (Docket No. 34.)

The court denied Plaintiff's notice of voluntary dismissal.  (Docket No. 36.)  In denying said request,  the court held that Defendant—the opposing party—had filed an answer or responsive pleading in the form of its motion to dismiss, thus, a voluntary dismissal without prejudice by Plaintiff under Fed. R. Civ. P. 41(a)(1)(A)(i) was improper, and, therefore, Plaintiff could only dismiss the action without a court order pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by

**Civil No. 14-1584 (GAG)**

filing a "stipulation of dismissal signed by **all parties** who have appeared" and that was not the case.  In addition, the court forewarned Plaintiff that it had provided sufficient time and leeway for it to answer the motion to dismiss and thus ordered Plaintiff to either amend its request for voluntary dismissal to be with prejudice or answer the motion to dismiss by June 30, 2015.  Id.  If no answer was offered, the court would deem the motion as unopposed.  Id.  Plaintiff did not proffer its response to the motion to dismiss; rather, it filed a Motion for Reconsideration of the court's order.  (Docket No. 37.)  As such, the court delves into the merits of Defendant's motion to dismiss, which stands unopposed by Plaintiff.

### III.    Discussion

Defendant moves to dismiss this case for insufficient service of process and for lack of personal jurisdiction pursuant to Rule 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure.  The crux of Defendant's request for dismissal is Plaintiff's failure to name the proper party defendant in the complaint, and, in turn, effectively perfect service.  (Docket No. 20.)  As such, the court will address whether Defendant—U.S. Army Corps of Engineer—is a properly named party and whether proper service of process was effected in this case.

The court discusses the proper party defendant for cases such as this one, anchored in Title VII and ADEA claims.  Title VII provides that an employee "may file a civil action" against federal employers for alleged discrimination and that "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C.A. § 2000e-16.  This designation of the proper defendant for such claims is exclusive.  See Soto v. U.S. Postal Serv., 905 F.2d 537, 539 (1st Cir. 1990).  See, e.g., Pierce v. Runyon, 857 F.Supp. 129, 131 (D. Mass. 1994) (dismissing the complaint against the named individual defendants, which were not the head of the relevant department or agency.)  As to the ADEA, the Supreme Court has held that the ADEA is to be construed in accordance with Title VII.  Lehman v. Nakshian, 453 U.S. 156, 168 n. 15, (1981).

5

**Civil No. 14-1584 (GAG)**

Courts that have addressed the present issue have held that the proper defendant in an action for age discrimination by a federal employer is limited to the head of the relevant department or agency.  See, e.g., Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988); Ellis v. U.S. Postal Serv., 784 F.2d 835, 838 (7th Cir. 1986); Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986); Williams v. Shinseki, 2012 WL 1581343, at *2 (D. Mass. May 3, 2012).

In light of the above, the proper defendant here is the Secretary of the Army, who is the head of the agency in question.  Plaintiff, however, incorrectly filed this action against the U.S. Army Corps of Engineers.  Defendant therefore seeks to dismiss this action because, as of the filing of the motion to dismiss, the Clerk of Court had only issued summons to the U.S. Army Corps of Engineer, which is not the proper defendant, and Plaintiff had not requested the issuance of summons as to the proper party defendant.  In turn, Defendant argues that the court does not have personal jurisdiction over it since Plaintiff failed to name the proper defendant and, therefore, failed to perfect service upon it.

The record shows that service of process was not perfected in this case since Plaintiff only served process upon the U.S. Army Corps of Engineers, an improperly named defendant.  To perfect service upon the proper defendant, Plaintiff would have to effect service of process upon to the Secretary of the Army, and the United States Attorney for the District of Puerto Rico.  See Fed. R. Civ. P. 4(i)(2) (to obtain jurisdiction over an officer or agency of the United States, the plaintiff must serve: (a) the officer or agency; (b) the Attorney General of the United States, and also send a copy of the summons and the complaint by registered or certified mail to the agency or officer.)

Fed. R. Civ. P.  4(m) provides that service of process must be made "within 120 days after the complaint is filed" and if not, "**the court—on motion** or on its own after notice to the plaintiff—**must dismiss the action without prejudice** or order that service be made within a

Civil No. 14-1584 (GAG)

specified time." Fed. R. Civ. P. 4(m).  Defendant argues that the 120-days timeframe to effect service of process pursuant to Fed. R. Civ. P. 4(m) elapsed; therefore, it requests the court to dismiss the case for insufficient service of process and lack of personal jurisdiction.  As of this date, almost a year has gone by since Plaintiff filed the present complaint (July 30, 2014) and Plaintiff has failed to timely and effectively perfect service of process upon the federal agency it sought to take legal action against.  As such, the court lacks personal jurisdiction over Defendant.  See Fed. R. Civ. P. 4.

Here, Plaintiff cannot escape dismissal in the face of insufficient service because: (1) there is no 'good cause for [his] failure' or any understandable mitigating circumstance for his inaction; and, (2) the court will not grant Plaintiff additional time to effect service or otherwise, as the court has already afforded Plaintiff this remedy many times before but Plaintiff has failed to avail himself of the court's kindness.  See Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 49 (D.P.R. 2010) (citing Bunn v. Gleason, 250 F.R.D. 86, 88 (D. Mass. 2008) (citing Fed. R. Civ. P. 4(m) and stating that "[a] plaintiff may escape dismissal in the face of insufficient service in two circumstances: (1) where there is 'good cause for the failure,' or (2) even if there is not good cause shown, where the court in its discretion decides to grant the plaintiff more time to effect service."))

In view of the above, the court shall dismiss the present case without prejudice.  See Ramirez De Arellano, 236 F.R.D. at 86 (holding that the court has broad discretion to dismiss the action or grant additional time to Plaintiff to properly effect service of process.)

As a final note, the court adds that Plaintiff displayed a lack of diligence in: (1) prosecuting its case; (2) effecting service as to the proper party in a timely manner; and, (3) proffering an answer to the motion to dismiss to defend itself from dismissal.   It has been almost a year since Plaintiff filed the instant complaint and over five months since Defendant moved to

Civil No. 14-1584 (GAG)

dismiss it, yet Plaintiff failed to correct its errors and obtain personal jurisdiction over Defendant. Further, Plaintiff blatantly disregarded the court's orders by ignoring court-established deadlines and mandates.   Plaintiff dragged its feet and unnecessarily prolonged this litigation thereby hindering the court's proceedings.   More so, despite the court granting it three extensions of time to answer the motion to dismiss, and two other gratuitous extensions, Plaintiff never proffered a response or otherwise moved to correct its proper party defect and effect proper service in a timely manner.   In view of this, additional leniency to Plaintiff will not be awarded and would result in prejudice to Defendant who has been efficient in defending against Plaintiff's claims but has been the victim of unnecessary delay due to Plaintiff's conduct.

### IV.     Conclusion

Given the applicable law and the court's broad discretion to dismiss suits for Plaintiff's failure to effectively serve Defendant with process, the court hereby **GRANTS** Defendant's motion to dismiss at Docket No. 20.   In turn, the court **DISMISSES** the present case **without prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of July, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge